MARGARET T. PETRAS, Respondent, v. JOSEPH P. PETRAS, Appellant.— Appeal by defendant from an order of Broome County Court, striking out his answer and granting summary judgment to the plaintiff, and from the judgment entered thereon. The parties were formerly husband and wife. Plaintiff wife has obtained a divorce from the defendant and has custody of the two children of the marriage. Essentially the complaint alleges that during a period of time when the divorce decree made no provision for the support of the children, plaintiff provided necessities for them and seeks to recover therefor from the defendant. The verified answer is essentially a general denial. Upon the motion for summary judgment the plaintiff presented her own affidavit, unsupported and uncorroborated, but no other evidence as to the alleged expenditures. She also presented the affidavit of an employee of the Broome County Children's Court which in no way corroborates such expenditures, or any facts which plaintiff must establish to recover. Essentially there was nothing before the court upon this motion except the plaintiff's naked assertion of her claim and the defendant's naked denial thereof. Under such circumstances summary judgment was improper, and the issues must be determined by trial. Order and judgment reversed on the law and facts and the matter remitted to Broome County Court for further proceedings, without costs. Foster, P. J., Heffernan, Brewster, Deyo and Coon, JJ., concur.

■

ROSE NEWCOMB, as Administratrix of the Estate of CHARLES NEWCOMB, Deceased, et al., Appellants, v. CLIFTON FRINK, Respondent.— Appeal from a judgment of no cause of action, entered against the plaintiffs after a trial in the Supreme Court, Chenango County and from an order denying plaintiffs' motion for a new trial. The action is one for alleged negligence. Respondent's automobile was following the car in which the plaintiff Rose Newcomb, and her intestate, were riding, and ran into the rear thereof. The foreman of the jury in announcing the verdict of no cause of action stated that it was " on account of the negligence of Mr. Newcomb " (intestate). We regard the finding of the jury in this respect as against the weight of evidence. Testimony which would have tended to impeach evidence given by the defendant's wife as to the speed of his car was erroneously rejected. It was also error to permit the defendant to place in evidence his own written report of the accident. Judgment and order reversed on the law and the facts, and a new trial directed, with costs to the appellants to abide the event. Foster, P. J., Heffernan, Brewster, Deyo and Coon, JJ., concur. [See post, p. 1028.]